IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN PAUL DURBIN, | ) |
| *Plaintiff,* | ) |
| v. | ) Case No. 1:22CV03222 (CRC) |
| NANCY PELOSI, et al., | ) |
| *Defendants.* | ) |

### PLANTIFF'S MOTION FOR SERVICE BY UNITED STATES MARSHALS

Plaintiff John Paul Durbin respectfully requests that the Court (1) order service upon all seven defendants by United States Marshals; and (2) that the Court reports back to the plaintiff by overnight mail the effective "time stamp" for the competition of each of the important actions of service upon these seven defendants.

Because this plaintiff is suing federal officials, plaintiff is allowed to perform that act by certified mail. But there is a unique problem with that option for this plaintiff, with these defendants. There is an impossible "chain-of-custody" along with its concurrent timeline (or delays), if this plaintiff would choose to mail "Service" by USPS certified mail to the six-of-seven defendants whose offices are within the United States Capitol complex. Since the terrorists attacks upon the United States of America on 11 September 2001, and the subsequent, never-solved anthrax mail attacks that quickly came in the following weeks, all mail to members of Congress is now processed at an off-site mail facility for an indeterminate, not publicly known delay. The Chief of the Capitol Police, who is the seventh defendant, appears to have within his professional responsibilities the monitoring and maintenance of all ongoing



**RECEIVED**
NOV 23  2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

mail screening for his bosses, who are the other six defendants. From the information page of the Capitol Police, per attached Exhibit A, it appears that plaintiff's postal "Service" by certified, overnight mail via USPS, per the "Couriers and Packages" information provided by the Capitol Police, would be ineligible to be processed at the Congressional Acceptance Site, at 160 D St. NE, Washington, DC 20510. Thus, plaintiff's attempt at timely service has been swallowed whole by a bureaucratic system not designed for this unique set of circumstances. Further, that makes these six (if not seven) defendants among the most unique of all federal officials; they are in their own buildings, under their complete control, with their own police force, a police force with sole control over all outside individuals entering their citadel, regardless of office or duty to be performed; that sole control includes all mail and package deliveries for the members of Congress. Plaintiff bring this impossible conflict of interest to the court's attention, seeking an immediate answer and redress.

Because this plaintiff comes to the court Pro Se, without paid or pro bono counsel (appointed by the court), this plaintiff has lost a month, owing to *his failure* to know the requirements for filing summons at the time of the filing of the complaint. This plaintiff is now racing against the calendar, attempting to present his petition in a timely manner to the 117th Congress of these United States of America. The plaintiff is aware that the appropriations for FY2023 have not been completed, with a current, Continuing Resolution set to expire on December 16, 2022. Further, plaintiff is aware that Congress may attempt its 11th Debt event, with the previous ten events, beginning August 2, 2011, with Public Law 112-25, 125 Statute 251, continuing through Public Law 117-73, 135 Statute 1514, with not one of those laws changing the "legal, stated limit" of $14.294 trillion in 31 US Code Section 3101(b) (regardless of the vague language in the law that's probably illegal), while the United States Treasury Department reports

the outstanding Debt of the nation stood at $31.285 trillion, on November 17, 2022. This nation had a Debt limit stated in the United States Code, from September 24, 1917, ch. 56, 40 Statute 288, through Public Law 111-139, of February 12, 2010, 124 Statute 8; that's 94 years of a stated dollar amount, until the August 2, 2011, Debt event. The recent, ten events have left legality of the nation's Debt instruments in doubt while risking a shocking reaction by financial markets when this scandal breaks. Press reports indicate Congress plans to take action on the Debt limit in the lame-duck session, before the end of the year. Owning to how Congress has played with the finances of the nation over the last-11 years, plaintiff fears that Congress will, in its typical fashion, rush through another secret "spending-and-debt" package before anyone knows what's going on. Including all of the members of Congress, who willing supply the votes for passage. Plaintiff begs the court's indulgence for this long-running introduction to the next paragraph.

    Plaintiff requests the clerk of court compile to the best of its ability, a precise timeline for the completion of the important steps along the way, if the court grants (1) service by marshals, and understands and accepts the plaintiff's request for (2) the record of the timeliness of the steps, from plaintiff's filing of this motion to his receipt of a document from the court reporting the completion of service and how each event transpired. The plaintiff respectfully requests that the clerk of courts, to the best of its ability, record and report (A) the date-and-time that the clerk received the plaintiff's Motion for Marshals; (B) the date-and-time of the court ruling; (C) the date-and-time the summons and complaints were placed into the hands of the US Marshals (mailed or by personal hand off); (D) the date-and-time as reported by the US Marshals for the service upon each of the seven defendants; (E) the date-and-time that the US Marshals reported back to the court for the required notice to the court of the completion of Service; (F) the date-and-time, and the manner of conveyance by the clerk of court into the

USPS mail service, being mailed to the plaintiff by overnight, USPS mailing (or what manner as chosen by the court or the clerk of court).

Plaintiff respectfully suggests to the court that the reporting requirements requested by the plaintiff should not be consider burdensome by any court official or other public servants, but the necessary, transparent, public accountability for a matter of this grave importance, that unfortunately sits before the Federal District Court for Washington, District of Columbia. Plaintiff would have preferred to have had direct communications with congressional leaders, their staffers, the Visitor Center for the United States Capitol Complex, or with subordinate officers for the chief of the Capitol Police. Today, in Washington, upon Capitol Hill, there exist all manner of barriers to access by ordinary Americans seeking to be heard by the Congress of the United States of America. While this is a case prosecuted by a lone individual, by plaintiff's name, John Paul Durbin, plaintiff suggests to the court that his requests are also in the name of and on behalf of the American people. There is a story here which needs to come out. The most immediate, remaining questions will be those steps taken by all public officials, between now and if-and-when the plaintiff-petitioner is given his day on Capitol Hill to personally deliver his Petition For Redress to the government, presenting that directly to the members of the United States Congress. History will judge all of us by what we did. But, too, whether we went the extra mile, erring on the side of the transparent and public and timely completion of our duties. I am working overtime to make up for lost time. I respectfully ask the court to give the full measure of its service and its abilities in the name of justice for this plaintiff. And for the American people.

Dated: November 21, 2022

Respectfully submitted,

*John Paul Durbin*
John Paul Durbin
P.O. Box 66
Walhonding, Oh 43843