UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN PAUL DURBIN,

       Plaintiff,

  v.

KEVIN OWEN MCCARTHY
Speaker of the House of Representatives, et al.,

      Defendants.

Civil Action No. 22-3222 (CRC)

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF
<u>THEIR MOTION TO DISMISS</u>**

MATTHEW M. GRAVES
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

ALEXANDER SCHREIBER
Special Assistant U.S. Attorney

March 29, 2023

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 1

CONCLUSION ....................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Bar Ass'n v. FTC,*
  636 F.3d 641 (D.C. Cir. 2011) ................................................................... 2

*Church of Scientology of Cal. v. United States,*
  506 U.S. 9 (1992) ........................................................................................ 2

*City of Los Angeles v. Lyons,*
  461 U.S. 95 (1983) ...................................................................................... 3

*Clarke v. United States,*
  915 F.2d 699 (D.C. Cir. 1990) ................................................................... 2

*Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n,*
  628 F.3d 568 (D.C. Cir. 2010) ................................................................... 3

*Nat. Res. Def. Council, Inc. v. Nuclear Regul. Comm'n,*
  680 F.2d 810 (D.C. Cir. 1982) ................................................................... 3

*Lederman v. United States,*
  89 F. Supp. 2d 29 (D.D.C. 2000) ............................................................... 3

*Mills v. Green,*
  159 U.S. 651 (1895) .................................................................................... 2

*Preiser v. Newkirk,*
  422 U.S. 395 (1975) .................................................................................... 2

*Reid v. Hurwitz,*
  920 F.3d 828 (D.C. Cir. 2019) ................................................................... 3

*Senate Permanent Subcomm. on Investigations v. Ferrer,*
  856 F.3d 1080 (D.C. Cir. 2017) ................................................................. 3

## INTRODUCTION

Defendants, through counsel, respectfully submit this reply in further support of their Motion to Dismiss.  Plaintiff John Paul Durbin, proceeding *pro se*, filed claims against certain members of Congress and the United States Capitol Police in their official capacities alleging that the temporary COVID-19 health and safety restrictions precluded him from being able "to present" in person his petition for redress of grievances, violative of his First Amendment rights. Defendants' motion to dismiss demonstrated that the Court lacks jurisdiction over Plaintiff's Complaint because Plaintiff's First Amendment claim is moot, and no mootness exception applies.  Specifically, Congress has rescinded the temporary COVID-19 restrictions Plaintiff challenges here, and Plaintiff can liberally visit the Capitol during business hours or by appointment "to present" his grievance petition.

## ARGUMENT

Plaintiff's Opposition argues that this case is not moot because the "Complaint pending before the Court shows a live case with the 'appearance' of current and future harm and adverse effects for the Plaintiff for his access into the United States Capitol Complex."  ECF No. 8 at 7. Plaintiff asserts the "Complaint was never solely anchored upon COVID-19 restrictions in place at the United States Capitol Complex" and "[r]epresentations . . . by congressional staffers . . . never included language . . . exclusively grounded upon COVID-19."  *Id.* at 1.  Rather, Plaintiff alleges "past non-public rules and procedures were part of the excuses presented to Plaintiff [in response] to his verbal queries regarding access to congressional office buildings."  *Id.* at 14.  As such, Plaintiff argues, Defendants "have not conclusively proven that there no longer exists any continuing, intentional bias and barriers against citizens and their free speech rights, including access to the congressional offices of the Congress of the United States of America."  *Id.* at 3.

Plaintiff's Opposition is little more than an unconvincing attempt to prolong this moot case further by manufacturing a controversy that does not exist.  This Court should reject those efforts because "[i]t has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Defendants' motion to dismiss established mootness by showing recission of the COVID-19 access restrictions for the House and Senate office buildings, and that government publicly available information shows that the buildings in question are open to the public during specific hours.  *See* ECF No. 6, at 5-6.  No doubt remains that Plaintiff may visit the U.S. Capitol Complex.  After the rescission of Congress' health and safety restrictions, the House and Senate office buildings previously operating with limitations to public access are now open to the public during normal business hours.  *Id.* at 3.  Plaintiff is a member of the public.  Nothing on this record, other than Plaintiff's vague reference to "non-public rules and procedures" (ECF No. 8 at 14), suggests Plaintiff is subject to other restrictions preventing him from visiting the U.S. Capitol Complex.

Plaintiff wholly relies on vague references to non-public rules and procedures to argue that this case is still justiciable.  *See* ECF No. 8 at 3-5, 14-15.  Plaintiff's reliance is misplaced.  "Even where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."  *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 645 (D.C. Cir. 2011) (citing *Clarke v. United States*, 915 F.2d 699, 700-01 (D.C. Cir. 1990) (*en banc*) (quotation marks omitted)); *see also Preiser v. Newkirk*,

422 U.S. 395, 401 (1975).  Although it is true that Congress may from time to time, while administrating a government building, restrict access to facilities in response to security threats, national events, maintenance, or the like, these reasonable restrictions only raise a speculative chance of affecting Plaintiff's ability to visit the U.S. Capitol.  *See Lederman v. United States*, 89 F. Supp. 2d 29, 36 (D.D.C. 2000), *on reconsideration in part*, 131 F. Supp. 2d 46 (D.D.C. 2001).

Here, Plaintiff complains of less fleeting and far more expansive restrictions that allegedly prevented him from visiting the U.S. Capitol Complex in 2021 and 2022.  *See* ECF No. 1 at 5-6. Even in his most recent filing, Plaintiff maintains that he seeks equitable relief to grant him access to the "United States Capitol Complex" (ECF No. 8 at 5) and "congressional office buildings during normal business hours."  *Id.* at 14.  However, Plaintiff fails to show that his access to the Capitol Complex is somehow constrained because the building is now open to the public.  This Court can do no more.  *Nat. Res. Def. Council, Inc. v. Nuclear Regul. Comm'n*, 680 F.2d 810, 814 (D.C. Cir. 1982) (noting Court "can hardly order" defendant "to do something that it has already done").

Plaintiff has the burden to "prove that a mootness exception applies."  *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019) (quoting *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010)).  To the extent that Plaintiff attempts to "make a reasonable showing that he will again be subjected to the alleged illegality[,]" *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), and therefore assert that his claim is capable of repetition, yet evades review, he fails to meet his burden because it is unlikely "the same parties will engage in litigation over the same issues in the future."  *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088 (D.C. Cir. 2017).  Plaintiff again shifts focus to allegedly "obtuse, non-public,

arbitrary policies and rules" (ECF No. 8 at 15), arguing he may be subject to ongoing or future unreasonable restrictions because he cannot rely on publicly available information when "convoluted," "circular or confusing lines of authority" exist.  *Id.* at 15.  Plaintiff observes he therefore has "no idea" what the words "Open to the Public" mean (*Id.* at 1) and he seemingly finds ambiguity in the publicly posted business hours for the U.S. Capitol Complex, including the House and Senate office buildings (*Id.* at 2-3).  To be clear, Plaintiff merely claims that he does not comprehend the phrase "Open to the Public" or information on hours of operation and does not claim that he is prohibited from entering the U.S. Capitol Complex.  In any event, Plaintiff fails to make a reasonable showing that he will be subject to the same restrictions again.  Because Plaintiff does not meaningfully argue that an exception to the mootness doctrine applies, he has failed to meet his burden and this action must be dismissed.

*   *   *

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court dismiss Plaintiff's lawsuit for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Dated: March 29, 2023
   Washington, D.C.

      Respectfully submitted,

      MATTHEW M. GRAVES, D.C. Bar #481052
      United States Attorney

      BRIAN P. HUDAK
      Chief, Civil Division


      By: /s/ *Alex Schreiber*
       ALEXANDER SCHREIBER,
       D.C. Bar #1724820
       Special Assistant U.S. Attorney
       601 D Street, NW
       Washington, DC 20530
       202-252-6754
       Alexander.Schreiber@usdoj.gov

      *Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was served upon the pro se

Plaintiff, via regular mail, this 29th day of March 2023, at the following address:

John Paul Durbin
P.O. Box 66
Walhonding, Ohio 43843
(571) 250-0112
DurbinVsPelosiWashingtonDCFederalCourt@proton.me

                                   */s/ Alex Schreiber*
                                    ALEXANDER SCHREIBER
                                    Special Assistant U.S. Attorney